UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-81089-CIV-MARRA/JOHNSON

ANDRE LAPLANTE, and
all others similarly situated,

    Plaintiff,

v.

TERRACES OF LAKE WORTH
REHABILITATION AND HEALTH CENTER,
LLC, a Florida limited liability company,

    Defendant.
_____/

## ORDER AND OPINION

THIS CAUSE came before the Court on Defendant Terraces of Lake Worth Rehabilitation and Health Center, LLC's ("Defendant") Motion for Summary Judgment (DE 26), filed October 23, 2009. Plaintiff Andre Laplante ("Plaintiff" or "Laplante") filed a Response (DE 34) on December 7, 2009 and Defendant filed a Reply (DE 35) on December 17, 2009. The motion is fully briefed and ripe for review. The Court has reviewed the motion, response, reply, the entire file in this case, and is otherwise duly advised in the premises.

**Background**

Plaintiff, a former employee of Defendant, brought claims against Defendant for violating the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") (See Compl., DE 1). Defendant is a skilled nursing home which employed Plaintiff as a Licensed Practical Nurse from approximately October 2004 to December 2005, and again from June 22, 2006 to March 28,

1

2008. (Deposition of Tracey Ellison, DE 23-1 at 5:8-9; 15:23-16:15; 17:11-13).

Plaintiff alleges that Defendants willfully failed to compensate her at time and one-half for all for hours and parts of hours worked in excess of forty (40) hours per week. (Compl. ¶ 17). Plaintiff alleges that she was not compensated for all the hours she worked because (1) she often "punched out" at her around 7:30 a.m. at the conclusion of her shift but normally did not leave work until between 9:00 a.m. and 10:00 a.m., see Comp. ¶ 20 and (2) Defendant automatically deducted a half-hour "lunch break" each day from Plaintiff's pay even though she rarely, if ever, actually took a lunch break, see Comp. ¶ 21.

## STANDARD OF REVIEW

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact that should be decided at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When the non-moving party bears the burden of proof on an issue, the moving party may discharge its burden by showing that the materials on file demonstrate that the party bearing the burden of proof at trial will not be able to meet its burden.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

When a moving party has discharged its burden, the nonmoving party must "go beyond the pleadings," and, by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial.  Celotex,

477 U.S. at 324.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the party opposing the motion.  Witter v. Delta Air Lines, Inc., 138 F.3d 1366, 1369 (citations and quotations omitted).

## DISCUSSION

The FLSA generally requires employers to pay employees overtime compensation, at a rate not less than one and one-half times the regular rate, for any time worked in a workweek in excess of forty hours.  See 29 U.S.C. § 207(a)(2)(C).  The primary issues in this case involve Defendant's alleged failure to compensate Plaintiff for overtime hours that she worked during unused "lunch breaks" and time worked "off the clock" after she had clocked out for the day.  To prove an overtime claim, a plaintiff must demonstrate that (1) he or she worked overtime without compensation and (2) Defendants knew or should have known of the overtime work.  Allen v. Board of Public Educ. for Bibb County, 495 F.3d 1306, 1314-15 (11th Cir. 2007).

> A person is employed if he or she is suffered or permitted to work. 29 U.S.C. § 203(g). It is not relevant that the employer did not ask the employee to do the work. The reason that the employee performed the work is also not relevant. "[I]f the employer knows or has reason to believe that the employee continues to work, the additional hours must be counted." Reich v. Dep't of Conservation and Nat. Res., 28 F.3d 1076, 1082 (11th Cir. 1994) (citing 29 C.F.R. § 785.11). . . . see also 29 C.F.R. § 785.11 (interpreting the "suffer or permit to work" requirement to mean that an employer violates the FLSA when it "knows or has reason to believe that he is continuing to work and the time is working time.")

Allen, 495 F.3d at 1314-15.

Here, factual questions exist with regard to Defendant's accurate record keeping of

Plaintiff's unpaid overtime hours. While the parties agree that Plaintiff was paid based on the hours submitted for her time cards, there are genuine issues of material fact as to whether Defendants consistently failed to pay Plaintiff for "lunch breaks" she did not take and for time spent working after Plaintiff clocked out. (Laplante Declaration[1], DE 34-1 at ¶¶ 4, 10-11).

Genuine issues of material fact exist with regard to Defendant's knowledge of Plaintiff's unauthorized overtime hours. Defendant points to evidence that the only way it tracked whether employees were not taking their automatically deducted 30 minute lunch breaks was if the employee submitted a Missed Lunch Form for each missed lunch to correct the deduction. See Ellison Dep. at 29:12-15. However, Plaintiff's affidavit states that, "as a practical matter I can attest that this supposed 'policy' was not followed by employees or management," that she never completed a Missed Lunch Form despite missing every lunch, and that she cannot recall any of her hourly co-workers ever submitting one of these forms, despite Plaintiff's knowledge that her co-workers also worked through lunch regularly. (Laplante Dec. at ¶¶ 6, 7, 8). In fact, even Defendant's evidence is that it "very rarely" received any missed lunch forms from any employees across all shifts in a period of several years. Ellison Dep. at 69:15-19.

Moreover, the Court is reluctant to hold as a matter of law that Plaintiff waived her right to receive compensation for hundreds of hours of "lunch breaks" she did not take merely because she did not submit a Missed Lunch Form every day. See Ealy-Simon v. Liberty Medical Supply, Inc., et al., case no. 05-14059, Report and Recommendation, February 12, 2007, DE 661 at pp.

---

[1] Defendant's reply takes issue with several of the statements made in Plaintiff's Declaration as conflicting her deposition testimony. However, as set forth infra, even if the Court were to disregard the portions of Plaintiff's Declaration challenged by Defendant as inconsistent with her deposition, questions of fact for the jury remain, precluding summary judgment in Defendant's favor.

10-11 (adopted by Order on March 5, 2007, DE 704) (rejecting defendants' argument that plaintiffs waived their entitlement pursuant to the FLSA to compensation for lost work time caused by defendants' lunch break rule because plaintiffs had the opportunity to make corrections to the undercounting of overtime hours but did not do so).  "Waiver is the voluntary, intentional relinquishment of a known right." Glass v. United of Omaha Life Ins. Co., 33 F.3d 1341, 1347 (11th Cir. 1994).  As such, it presents a question of fact for the jury. See Valencia v. Affiliated Group, Inc., 2008 WL 4372895 (S.D. Fla. 2008) (the determination of the parties' intent is a question of fact rather than one of law) (citing In Re Stratford, 635 F.2d 365, 368 (5th Cir. 1981).

As for working "off the clock" after Plaintiff had clocked out for the day, Defendant's argument that "Plaintiff continued to work long after 7:30 a.m. *while getting compensated* for said time, per Defendant's records" is misplaced. (Reply at 4) (emphasis in original).  Plaintiff does not dispute that she was properly compensated for hours in which she was still on the clock, even if that time occurred after the conclusion of her scheduled shift.  Rather, Plaintiff presents evidence that she often continued to work after she clocked out (regardless of what time she clocked out) and was not properly compensated for that work.  (Laplante Dec. at ¶¶ 9, 10, 11). Moreover, Plaintiff presents evidence that Defendant was aware of and expected her to continue working after she clocked out. Id.

Based on the foregoing, there are genuine issues of material fact precluding summary judgment as to Plaintiff's claim for overtime pay as alleged in Count I of the Complaint. Accordingly, Defendant's motion for summary judgment must be denied.

**Conclusion**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Motion for Summary Judgment (DE 26) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of January, 2010.

_____
KENNETH A. MARRA
United States District Court

Copies furnished to:
all counsel of record