UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:  08-CV-81089-KAM

ANDRE LAPLANTE,

    Plaintiff,

vs.

TERRACES OF LAKE WORTH
REHABILITATION AND HEALTH
CENTER, LLC,

    Defendant.
    _____/

## ORDER AND OPINION

**Background**

On September 29, 2008, Plaintiff Andre Laplante ("Plaintiff" or "Laplante") filed a one-count complaint against Defendant Terraces of Lake Worth Rehabilitation and Health Center, LLC ("Defendant"), seeking unpaid straight-time and overtime wages, pursuant to 29 U.S.C. § 201 et seq., (the "Fair Labor Standards Act" or "FLSA").  The Court has jurisdiction of this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  Plaintiff alleges that Defendant willfully failed to compensate her at time and one-half for all hours and parts of hours worked in excess of forty (40) hours per week. (Compl. ¶ 17).  Plaintiff alleges that she was not compensated for all the hours she worked because (1) she often "clocked out" at or around 7:30 a.m. at the conclusion of her shift but normally did not leave work until between 9:00 a.m. and 10:00 a.m., see Comp. ¶ 20 and (2) Defendant automatically deducted a half-hour "lunch break"

each day from Plaintiff's pay even though she rarely, if ever, actually took a lunch break, see Comp. ¶ 21.

Defendant is a skilled nursing home engaged primarily in the care of the sick and/or aged. It is undisputed that Defendant was an "employer" of Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce, and that Plaintiff was an "employee" within the meaning of the FLSA. Defendant employed Plaintiff from approximately October of 2004 to December of 2005, and again from June 22, 2006, to March 28, 2008, as a Licensed Practical Nurse. The parties agree that Plaintiff was a non-exempt, hourly employee of Defendant who was entitled under the FLSA to receive overtime wages. Defendant has not asserted any FLSA coverage or exemption defenses to this case. After a bench trial, the Court enters these findings of fact and conclusions of law, pursuant to Rule 52, Fed.R.Civ.P.

1. Plaintiff generally worked during the "11 to 7" shift, which was scheduled as an eight hour shift beginning at 11:00 p.m., and concluding at 7:30 a.m. the following morning, with a half hour lunch break.

2. Plaintiff had no supervisor at work in the building during that shift, and was responsible for setting her own schedule as to when to take her lunch break.

3. Defendant utilized a computerized time-keeping and payroll system for hourly employees. When an hourly employee clocked in and out of work, the time clock transmitted the data to a computer, which used the data to calculate the employee's wages.

4. Defendant's Time Cards and Detail Payroll Register were received into evidence. The Time Cards indicate the dates on which Plaintiff worked, and the exact times on which Plaintiff clocked in or out of work each day. The Detail Payroll Register documents the

following for each biweekly payroll period: the total amount of time Plaintiff worked, the amount of straight time wages, the amount of overtime wages, the amount of gross and net wages earned by Plaintiff, the amount and type(s) of deductions from Plaintiff's wages (such as garnishments, taxes, social security, and health insurance), the method of payment (check or direct deposit), and the check number (if paid by check).

5. Plaintiff stipulated to the authenticity of the time-keeping and payroll records, and alleged no deficiency with them except to the extent they did not record time Plaintiff claims she was required to work "off the clock" for which time she was not paid. It is undisputed that Defendant paid Plaintiff all wages due for the "on the clock" time documented in the Time Cards, with the exception of her not being paid for the lunch breaks she claims never to have taken.

**Working "off the clock" allegation:**

6. Plaintiff contends that she was "forced to 'clock out' at the supposed end of [her shift] and then [was] forced to work 'off the clock.'" (DE 1, ¶ 14). At trial, Plaintiff testified that three supervisors, Harry Singh, the Assistant Director of Nursing, Ester Calalo, the Director of Nursing, and Jack Rutenberg, the Administrator, all told her she must work off the clock.

7. Plaintiff testified at trial that, once or twice a week, she clocked out at the end of her scheduled shift (7:30 a.m.), but continued to work for Defendant while "off the clock." Plaintiff testified she worked "off the clock" when Mr. Singh would catch her working past the end of her shift. On those occasions when she was not caught by Mr. Singh, Plaintiff would continue to work "on the clock" until she finished her duties, even if it was past the end of her shift. Plaintiff made varying statements regarding the frequency

of this occurrence through the course of the litigation. In her Complaint, Plaintiff alleged the working "off the clock" occurred three or four times a week. In her deposition, she testified it was two to three times a week. At trial, Plaintiff testified she worked "off the clock" one to two times a week. The inconsistency in Plaintiff's positions throughout this litigation weighs against finding her testimony credible. The Court rejects Plaintiff's testimony that she would work on the clock after the end of her shift unless she was caught by Mr. Singh once or twice a week, who then required her to clock out and continue to work off the clock. The Court finds this testimony to be incredible. If Mr. Singh was intent on requiring Plaintiff to work off the clock, he would have known Plaintiff was working past the end of her shift every day, and would have imposed this blatantly illegal policy on a daily basis, not whenever he happened to catch her working late. The Court also rejects Plaintiff's claim that all three of her supervisors directed her to work "off the clock." The Court observed the demeanor of each of the supervisors, as well as that of Plaintiff. The Court finds that the testimony of the supervisors was credible and Plaintiff's testimony was not. The Court does not believe that three separate supervisors imposed an illegal practice upon Plaintiff.

**Missed Lunch Allegation:**

8. Defendant's time clock automatically deducted a 30 minute lunch from the overall time of each shift wherein an employee worked more than 5 hours and did not manually clock out and back in for lunch during that shift.

9. Defendant had a policy permitting an employee who did not take a 30 minute lunch break to complete a "Missed Lunch Form," and provide the completed form to a supervisor.

    The employee's time would then be adjusted to reflect an extra 30 minutes of work, and Defendant would pay the employee accordingly.

10. Blank Missed Lunch Forms were available to all of Defendant's employees, including Plaintiff, in two separate locations at the nursing home: outside the business office, and in the nursing side of the building where Plaintiff worked on a daily basis. Plaintiff never obtained a copy of the Missed Lunch Form from either of these locations. Plaintiff testified she was not aware these forms were in these locations.

11. Defendant's policy regarding missed lunches was published in the Employee Handbook, which Plaintiff received and to which she agreed to adhere at the beginning of her employment. Plaintiff admits having been aware of the missed lunch policy and was familiar with the Missed Lunch Form. Plaintiff further testified that she received a copy of the form when she began her employment, and that was the only time she ever saw the form. Plaintiff testified that she knew if she submitted the missed lunch form she would get paid for the times she worked through her lunch break. She also testified she advised Mr. Singh that she was unable to take her lunch breaks and she requested missed punch forms from him. In response to both issues, Mr. Singh allegedly told her "to hang in there." While a response of "hang in there" is conceivable to an employee's statement that she was unable to take her lunch breaks, it is a nonsensical response to a request for a missed lunch form. Additionally, although Plaintiff never submitted a missed lunch form, she admitted submitting missed punch forms in order to assure she was properly paid when there were errors in the time records for clocking in. This testimony also weighs against finding Plaintiff believable, especially since there was unrebutted testimony from Tracy Ellison, the head of Defendant's business office, that other

        employees submitted Missed Lunch Forms and had their time adjusted, although it is not a common occurrence.

12.     Plaintiff contends that she is entitled to be paid for all 30 minute lunch breaks which were deducted from her overall time because she never took a lunch break or a partial lunch break due to her busy workload.  The Court rejects Plaintiff's testimony that she never took a lunch break or a partial lunch break as lacking in credibility.  The Court finds that Plaintiff did, in fact, take her lunch breaks.  Plaintiff knew of the existence of the missed lunch forms and she knew if she submitted them she would be compensated for that time.  The Court rejects Plaintiff's testimony that she requested the missed lunch forms from her supervisors and that they refused to provide them to her.  This conclusion is evidenced by Plaintiff using the missed punch forms when she needed to correct time clock errors

**Applicable Law:**

1.     The FLSA prohibits an employer from employing a worker for more than 40 hours in a week, unless the worker receives overtime compensation at a rate of no less than one and a half times his/her regular wages.  29 U.S.C. § 207(a)(1); Allen v. Board of Public Educ. for Bibb Cty., 495 F.3d 1306, 1314 (11th Cir. 2007).  "A person is employed if he or she is suffered or permitted to work.  It is not relevant that the employer did not ask the employee to do the work."  Id. (internal citation omitted). "If the employer knows or has reason to believe that the work is being performed, he must count the time as hours worked." 29 C.F.R. § 785.12.

2.     "In all such cases it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept

      the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13.  See also Pforr v. Food Lion, Inc., 851 F.2d 106 (4th Cir. 1988).

3. Under the FLSA, in order for Plaintiff to recover, she must demonstrate that 1) she worked overtime without compensation, and 2) the employer knew or should have known of Plaintiff's overtime work.  Allen, 495 F.3d at 1314-15.  No violation of the FLSA occurs "where the employee performs uncompensated work but deliberately prevents his or her employer from learning of it."  Id. at 1319. "[W]here the acts of an employee prevent an employer from acquiring knowledge. . . of alleged uncompensated overtime hours, the employer cannot be said to have suffered or permitted the employee to work in violation of [the FLSA's overtime provisions]." Forrester v. Foodliner, 646 F.2d 413, 414-15 (9th Cir. 1981).

4. Defendant's policy of automatically deducting a 30-minute lunch period is not violative of the FLSA on its face. See Enright v. CGH Med Ctr., 1999 WL 24683, *6 (N.D. Ill.). The Department of Labor excludes meal periods from compensable work time. See 29 C.F.R. § 785.19.

5. Nonetheless, Plaintiff's failure to submit Missed Lunch Forms does not constitute a waiver of her right to receive compensation for missed "lunch breaks." See Ealy-Simon v. Liberty Medical Supply, Inc., et al., case no. 05-14059, Report and Recommendation, February 12, 2007, DE 661 at pp. 10-11 (adopted by Order on March 5, 2007, DE 704) (rejecting defendants' argument that plaintiffs waived their entitlement pursuant to the FLSA to compensation for lost work time caused by defendants' lunch break rule because

        plaintiffs had the opportunity to make corrections to the undercounting of overtime hours but did not do so).

6.     The FLSA requires an employer to keep records of an employee's wages, hours, and other conditions and practices of employment. <u>Allen</u>, 495 F.3d at 15. If an employer has failed to keep proper and accurate records and the employee lacks documentation of hours worked but proves that she has in fact performed work for which she was improperly compensated, and if she produces sufficient evidence to show the amount and extent of that work, the burden shifts to the employer to "bring forth either evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." <u>Id.</u> at 1316.

**Discussion:**

1.     After consideration of the evidence presented at trial, including testimony, demeanor and credibility of witnesses, and the legal arguments presented, the Court finds that Plaintiff failed to prove that she worked overtime hours for which she was not compensated, and she failed to prove that Defendant knew or had reason to know of the overtime work.

2.     Plaintiff evidence was lacking in credibility. As previously indicated, the Court rejects Plaintiff's testimony that she was forced or required to work "off the clock." The Court finds, therefore, that Plaintiff failed to prove that she worked overtime hours "off the clock" at the conclusion of her shift, for which she was not compensated.

3.     Also, as previously indicated, the Court also rejects Plaintiff's testimony that she never took a lunch break, whether the full thirty minutes allotted or a partial lunch break, and the Court rejects Plaintiff's testimony that she notified her employer that she was

      working through her lunch breaks.  Because the Court rejects Plaintiff's testimony that she did not take lunch breaks, the Court finds Defendant could not have known of this asserted violation.  Even assuming, however, that Plaintiff did, in fact, fail to take some lunch breaks, the Court finds that Defendant did not have nor should it have had reason to know that Plaintiff worked during her lunch breaks.

4. While Plaintiff's failure to comply with Defendant's policy requiring submission of a Missed Lunch Form does not constitute a waiver of her rights under the FLSA, her failure to submit the forms supports the Court's finding that Defendant had no knowledge and no reason to have knowledge that Plaintiff worked through lunch breaks.  Plaintiff's supervisors would have no independent means of knowing whether Plaintiff worked through her lunch, in absence of Plaintiff telling her supervisors or submitting a Missed Lunch Form.

5. Plaintiff has failed to meet her burden of proving by a preponderance of the evidence that she worked overtime hours for which she was not compensated, and that Defendant had knowledge or should have had knowledge of the overtime work.

**Conclusion:**

The Court concludes that Plaintiff has not established any violation of the FLSA.  Based upon the foregoing findings of fact and conclusions of law, it is hereby

**ORDERED AND ADJUDGED** that Final Judgment shall be entered in favor of Defendant, Terraces of Lake Worth Rehabilitation and Health Center, LLC, and against Plaintiff

by separate order of the Court.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of April, 2010.

KENNETH A. MARRA
United States District Judge

copies to:
all counsel of record